## JAMES B. E. PARKER *vs.* LYDIA P. SIMONDS.

A married woman who carries on the business of keeping boarders on her sole and separate account, and has purchased goods to be used in her business upon her sole credit, is liable therefor, under *St.* 1855, *c.* 304, § 7, although her husband lived with her at the times when the goods were purchased; and her own acts and admissions in reference to her business are competent evidence against her; but she is not liable upon a note given by her in payment for goods originally sold and charged to her husband.

CONTRACT upon an account and note. The defendant was a married woman, living with her husband Obed Simonds; and the plaintiff sought to charge her, under the statute, on the ground that she was carrying on the business of keeping boarders on her own account, and that the debts sought to be recovered were incurred by her in said business, the note having been given for a balance of account. At the trial in the superior court there was evidence tending to prove, that the defendant and her husband had been married about thirty five years, during all which time they had lived together, and during most of which they had taken boarders; that the account for which the note was given was originally charged to the husband; that the husband had always contributed to his wife's support, but that she usually attended to the household matters and made the purchases; and that she, when she gave the note, promised to pay it from her separate estate. The plaintiff introduced evidence, under objection, that she had declared to persons dealing with her that she had the business all to herself, and her husband was only a boarder; and that in 1855 her husband made a conveyance of some land to a person who made a

mortgage to her to secure a portion of the consideration therefor.

The plaintiff requested the court to instruct the jury that, if the defendant's statements were true, and she carried on business on her sole and separate account, and her husband had nothing to do with it, then she was liable; and, further, that she was liable notwithstanding her husband may have, from time to time, furnished some articles used in the family; and that the note being signed by her, the burden was upon her to show that she was not liable.

The defendant requested the court to instruct the jury that if, during the time the bills in question were running, the husband lived with the defendant, as her husband, and furnished a part of the supplies for the family, the plaintiff could not recover; that the business so carried on by the married woman must have been entirely sole and separate, and that such could not be the case so long as the husband continued to live with her as her husband; that the fact that the husband then lived with her, as her husband, as they had so lived for more than thirty years, during all which time they kept boarders, more or less, raised a presumption that there was no such consent, which presumption was conclusive in law until the contrary was clearly shown by some act of the husband; and that the plaintiff could not recover for the note declared on in any event.

But *Rockwell*, J., declined to give the instructions asked for by either party, and instructed the jury as follows: " To sustain this action, the plaintiff must satisfy the jury that at the time the account commenced, and during the time it was accruing, the defendant was carrying on the business of keeping boarders, in a boarding house, openly and publicly, on her sole and separate account, her husband having no interest in said business; and none of his means, earnings or credit being used in said business, and none of his support being derived from said business; and that the plaintiff gave credit to the defendant alone, relying upon her sole and separate liability for the goods sold and delivered to her, to be used in her said business. If he satisfies the jury of all this, they will be authorized to find

the defendant liable in this action for goods sold and delivered to her during the time she was thus carrying on the business of a boarding-house keeper on her sole and separate account. But if the plaintiff has not reasonably satisfied the jury of all this, upon the whole evidence they will be authorized and it will be their duty to find a verdict for the defendant."

The jury found a verdict for the plaintiff for the amount of the account, but not of the note, and both parties alleged exceptions.

*A. V. Lynde,* for the plaintiff.

*W. L. Brown,* for the defendant.

CHAPMAN, J. The *St.* of 1855, *c.* 304, made some very radical changes in the relation of husband and wife. The first five sections relate to women thereafter to be married. The seventh section, on which this action must depend, includes those who were already married, as the defendant was, when the statute was enacted. It provides that " any married woman may carry on any trade or business, and perform any labor or services on her own sole and separate account; and the earnings of any married woman from her trade, business, labor or services shall be her sole and separate property, and may be used and invested by her in her own name; and she may sue and be sued as if sole in respect to her trade, business, labor, services and earnings; and her property acquired by her trade, business and services, and the proceeds thereof, may be taken on any execution against her."

The jury have found a verdict against the defendant for the amount of the account under instructions at least as favorable to her as a just construction of the statute will warrant. It is fairly within the scope of the statute that her own acts and admissions shall be proved against her; and the evidence as to both was properly admitted. The fact that her husband lived with her cannot relieve her from responsibility. His rights in respect to her are not in controversy in this action. And, in respect to the note, it appears that there was evidence tending to show that the account for which it was given was originally charged to her husband; and, if the jury were satisfied that this

was true, it is plain that a note given by her, for a debt of her husband, is not a contract upon which she can be held responsi‑ ble, under the statute.　　　　　　　　　*Exceptions overruled.*